IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CAROL MELTON**,

        Plaintiff,

v.

**MICHAEL J. ASTRUE**,

        Defendant.

Civil No. 3:11-cv-00952-MO

**OPINION AND ORDER**

MOSMAN, J.:

    Plaintiff Carol Melton ("Melton"), seeks judicial review of the Social Security Commissioner's final decision denying her applications for Supplemental Security Income under Title XVI of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g), and review to determine that the Commissioner's decision was based upon substantial evidence. *Bray v. Comm'r*

1 - OPINION AND ORDER

*of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). The Commissioner's motion to remand is granted for the reasons that follow.

**DISCUSSION**

Ms. Melton asserts that the ALJ erroneously evaluated (1) her alleged mental retardation at step three in the sequential proceedings; (2) the opinions of two physicians, a psychologist, and two state agency consulting physicians; and (3) the lay witness testimony. She also asserts that the Agency's March 2011 SSI award supports her challenge to the ALJ's January 10, 2010, decision that she was not disabled. The Commissioner moves to remand the matter for further proceedings, conceding that the ALJ failed to include limitations stemming from Ms. Melton's learning disorder in his decision. (Def.'s Br. [17] 12-13.)

**I.    March 2011 SSI Award**

Ms. Melton filed the presently contested SSI application on May 5, 2008, alleging disability since April 17, 2008. (AR 99.) The ALJ found her not disabled on January 10, 2010, and the Appeals Council denied review of that decision on June 9, 2011. (AR 1.)

While the May 5, 2008, matter was pending before the Appeals Council, Ms. Melton filed a subsequent SSI application on March 15, 2011. (Pl.'s Opening Br. [13] Ex. 1, 1.) The Social Security Administration ("Agency") notified Ms. Melton that it found her disabled "as of March 2011" on November 1, 2011. (*Id.*) This decision was not in the record before the ALJ, and is not in the Administrative Record before this court.

Ms. Melton now asserts that the Agency's November 2011 decision constitutes new and material evidence justifying remand for further proceedings. (Pl.'s Opening Br. [12] 9.) The Commissioner does not address this argument.

2 - OPINION AND ORDER

To justify a remand order from this court based upon new evidence, Ms. Melton must show that the evidence is (1) material, and (2) she had good cause for failing to produce it earlier. 42 U.S.C. § 405(g), *Mayes v. Massinari*, 276 F.3d 453, 460 (9th Cir. 2001). To meet the materiality prong, Ms. Melton must establish that the new evidence bears "directly and substantially on the matter in dispute," and there is a "reasonable possibility" it would have changed the ALJ's findings. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010) (citing *Burton v. Massinari*, 268 F.3d 824, 827 (9th Cir. 2001)).

The Ninth Circuit directly holds that an award of benefits made while a initial application is pending on appeal is material to the matter on appeal. *Luna v. Astrue*, 623 F.3d 1032, 1035 (9th Cir. 2010). The ALJ must therefore consider the March 2011 award upon remand.

## II. Medical Evidence

Ms. Melton challenges the ALJ's findings regarding a treating physician, an examining physician, an examining psychologist, and state agency reviewing physicians.

### A. Standards: Medical Source Statements

Disability opinions are reserved for the Commissioner. 20 C.F.R. § 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830.

### B. Analysis

#### 1. Treating Physician Valerie Krause, M.D.

Valerie Krause, M.D., completed an attorney questionnaire on October 5, 2009. (AR 491-

3 - OPINION AND ORDER

94.) She wrote that she has been Ms. Melton's primary care physician since August 26, 2008, and that Ms. Melton has panic disorder, left knee patellar subluxation and a sprain, high cholesterol, asthma, depression, migraine headaches, degenerative arthritis, and degenerative disc disease of the lumbar spine. (AR 491.)

The ALJ found Dr. Krause's opinion inconsistent with other evidence of record. (AR 26.) Ms. Melton now argues that the ALJ failed to specify what evidence in the record was inconsistent with Dr. Krause's opinion. (Pl.'s Opening Br. [12] 15.)

The record contains no treatment notes pertaining to Dr. Krause's opinion or treatment.[1] The ALJ may reject a physician opinion inadequately supported by clinical notes or finding. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Further, the ALJ need not discuss every piece of evidence in the record. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Here, the ALJ discussed other medical evidence, and noted that other physicians did not assess limitations as extreme as those endorsed by Dr. Krause. (AR 27.) Dr. Krause's opinion is therefore contradicted, and the ALJ needed only to provide specific and legitimate reasons for rejecting it. *Lester*, 81 F.3d at 830. The ALJ's citation to contradicting opinions is sufficient under this standard, and the ALJ's decision pertaining to Dr. Krause is therefore affirmed.

### 2.     Examining Physician Terri Robinson, M.D.

Ms. Melton asserts that the ALJ did not properly reject exertional limitations assessed by examining physician Terri Robinson, M.D. (Pl.'s Opening Br. [12] 18.)

Dr. Robinson examined Ms. Nelson on June 30, 2008, for Disability Determination Services

---

[1] Ms. Melton bears the burden of submitting evidence to the record. 20 C.F.R. § 416.912(a).

("DDS"). (AR 426-30.) Dr. Robinson assessed a history of asthma and "likely degenerative disc disease of the lower lumbar." (AR 429.) She wrote that Ms. Melton could stand and walk at least two hours in an eight-hour day, sit six hours in an eight-hour day, frequently lift and carry twenty pounds, and occasionally lift and carry ten pounds. (AR 430.) Dr. Robinson stated that Ms. Melton could not frequently stoop, bend, crouch, crawl, or climb, and could not frequently reach due to her cervical spine impairment. (*Id.*)

The ALJ noted these limitations, and concluded that Dr. Robinson's opinion was entitled to partial weight because it was contradicted by other evidence of record, most notably cervical x-rays. (AR 27.) Ms. Melton now asserts that the ALJ gave no reasons for rejecting Dr. Robinson's limitations not associated with the cervical x-ray. (Pl.'s Opening Br. [12] 19.) The Commissioner does not address this argument.

The ALJ found that Ms. Melton may perform light work. (AR 23.) Under the Commissioner's regulations, light work entails "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). Various other postural limitations are relevant if a job "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." (*Id.*) Dr. Robinson did not address limitations restricting Ms. Melton from performing light work under the Commissioner's regulations. Ms. Melton's argument that the ALJ erroneously rejected Dr. Robinson's assessed limitations therefore fails.

### 3. Keli Dean, Psy.D.

Examining psychologist Keli Dean, Psy. D., evaluated Ms. Melton on April 25, 2006. (AR 481-90.) Dr. Dean diagnosed recurrent moderate major depressive disorder and "provisional" mild

mental retardation. (AR 486.) Dr. Dean stated that further testing was necessary to confirm the mental retardation diagnosis. (*Id.*) She later noted a full-scale IQ of 69, and concluded that Ms. Melton's intellectual functioning is in the "extremely low" range. (AR 487.)

Dr. Dean also made suggestions for Ms. Melton's life and workplace success. (AR 489.) Regarding employment, Dr. Dean wrote that Ms. Melton would benefit from "simple" expectations with one or two step requirements, use of repetition and simple messages, additional time to complete tasks, verbal presentation in conjunction with written instructions, use of a tape recorder, and "being shown how to do something in addition to being told." (AR 489.)

The ALJ directly quoted Dr. Dean's diagnoses, and gave her opinion "partial weight, as it appeared to Dr. Dean that further testing was needed to confirm her provisional diagnosis of Mild Mental Retardation." (AR 26.)

Ms. Melton asserts that the ALJ failed to include "multiple occupational limitations" assessed by Dr. Dean. (Pl.'s Opening Br. [12] 17.) The Commissioner concedes this error. (Def.'s Br. [17] 12.)

Ms. Melton presently makes no attempt to show that Dr. Dean's workplace suggestions establish disability under the Commissioner's regulations. (Pl.'s Opening Br. [12] 7-18; Pl.'s Reply Br. [18].) This court will not now embark on such analysis.

###    4.    Disability Determination Services Reviewing Physicians

Finally, Ms. Melton asserts that the ALJ failed to include mental limitations assessed by DDS reviewing physicians. (Pl.'s Opening Br. [12] 20.) As noted, the Commissioner concedes that the ALJ did not properly address Ms. Melton's learning disorder and associated limitations. (Def.'s Br.

[17] 12.) Because Ms. Melton makes no assertion that evidence submitted by DDS physicians now establishes disability (Pl.'s Opening Br. [12] 20), the matter will not be addressed further.

### III.  Lay Testimony

Ms. Melton asserts that the ALJ improperly addressed testimony submitted by her sister, Tiffany Melton and friend, Heather Mulley.  (Pl.'s Opening Br. [12] 9-13.)

#### A.  Lay Testimony: Standards

The ALJ has a duty to consider lay witness testimony.  20 C.F.R. § 404.1513(d); *Molina v. Astrue*, 674 F.3d at 1104, 1115 (9th Cir. 2012) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  The ALJ must provide germane reasons for rejecting such testimony.  *Molina*, 674 F.3d at 1114 (citing *Doddrill*, 12 F.3d at 919).  However, the ALJ is not required to address each lay witness "on an individualized witness-by-witness basis," and may reject lay testimony predicated upon reports of a claimant properly found not credible.  *Molina*, 674 F.3d at 1114 (citing *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009)).

#### B.  Analysis

##### 1.  Tiffany Melton

The ALJ discussed Tiffany Melton's testimony in some detail.  (AR 24-25.)  The ALJ concluded that this report, as well as Ms. Melton's own testimony, showed "extensive and robust" daily activities, suggesting that the claimant's impairments are not as severe as are alleged."  (AR 25.)  The ALJ may reject lay testimony that mirrors properly rejected claimant testimony.  *Molina*, 674 F.3d at 1114.  Because the ALJ found that Ms. Melton's testimony and Tiffany Melton's testimony described similar activities, which he characterized as "extensive and robust" (AR 25),

7 - OPINION AND ORDER

the ALJ's findings regarding Tiffany Melton are affirmed.

### 2. Heather Mulley

The ALJ did not discuss Ms. Mulley's testimony, which the Commissioner concedes. (Def.'s Br. [17] 12 n1.) Ms. Mulley stated that Ms. Melton experiences pain when walking or standing, and calls Ms. Mulley in tears with headaches and back pain. (AR 231.) Ms. Mulley wrote that doing dishes makes Ms. Melton's back "give out." (*Id.*) She also stated that Ms. Melton is anxious in groups. (*Id.*)

Ms. Melton asserts that these statements establish disability because "a reasonable ALJ would not have come to the same conclusion" as the ALJ in this case. (Pl.'s Opening Br. [12] 12.) She further states that crediting Ms. Mulley's testimony as true would change Ms. Melton's RFC assessment, and that the ALJ's omission was therefore not harmless. (*Id.* at 13.)

An ALJ's silent omission of lay testimony is upheld only if the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the ALJ included limitations pertaining to Ms. Melton's back pain in his RFC assessment, specifically allowing that Ms. Melton could perform light work only. (AR 23.) Ms. Melton points to no additional workplace limitations described in Ms. Mulley's testimony that, if credited, would establish disability. She therefore fails to establish that the ALJ's omission of Ms. Mulley's testimony is more than harmless.

In summary, Ms. Mulley does not establish reversible error in the ALJ's lay testimony analysis.

///

## IV. Step Three Findings

Ms. Melton asserts that the ALJ should have found her disabled under the Commissioner's listings at step three in the sequential proceedings. (Pl.'s Opening Br. [12] 5-8.) She specifically asserts that she meets Listing 12.05C, which addresses mental retardation. (*Id.*) The Commissioner concedes that the ALJ erroneously evaluated Ms. Melton's impairments under Listing 12.05C, but argues that Ms. Melton cannot now meet the listing because she has not received a formal mental retardation diagnosis. (Def.'s Br. [17] 8.)

### A. Step Three Standards

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled. Step three findings are generally based upon "medical severity" without reference to a claimant's testimony. (*Id.*) However, analysis under the Commissioner's regulations pertaining to mental disorders may cite a claimant's reported limitations. 20 C.F.R. Subpt. P. App. 1, § 12.00D(1)(b). The claimant bears the burden of establishing disability at step three. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Tackett*, 180 F.3d at 1098.

### B. Analysis

"12.05C" is not a stand-alone listing under the Commissioner's regulations; it is one of three prongs addressing mental retardation. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05. Listing 12.05 first requires that a claimant establish that she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning during the developmental period; i.e. the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Supt. P, App.

9 - OPINION AND ORDER

§ 12.05. A claimant must also meet associated "A," "B," "C," or "D" criteria. To meet the "C" criteria cited by Ms. Melton, a claimant must establish "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* at § 12.05C.

To meet Listing § 12.05, Ms. Melton must first establish that she meets the threshold requirement of "significantly subaverage general intellectual functioning" before age 22. *Id.* at §12.05. Ms. Melton argues that testing performed on April 25, 2006, when she was twenty years old establishes this. (Pl.'s Opening Br. [12] 7.) This testing showed a full-scale IQ of 69, and a provisional mental retardation diagnosis. (AR 481-90.) Ms. Melton therefore meets this preliminary prong if Dr. Dean's report is credited under the credit-as-true analysis discussed below. *Infra*, 12-13.

Ms. Melton must then show an additional physical impairment causing work-related limitations to meet the "C" criteria associated with Listing §12.05. The ALJ found that Ms. Melton's asthma and back impairments were "severe" at step two in the sequential proceedings. (AR 21.) Under the Commissioner's regulations, a "severe" impairment significantly limits basic work activities. 20 C.F.R. § 416.921. Based upon the ALJ's own findings, Ms. Melton meets this prong.

The Commissioner now asserts that a mental retardation diagnosis is required to find disability under Listing § 12.05. (Def.'s Br. [17] 8, 11.) Ms. Melton argues at considerable length that the Central District of California has concluded no such diagnosis is necessary, and that this court should adopt its rule. (Pl.'s Opening Br. [12] 7, Pl.'s Reply Br. [18] 2-10 (citing *Gomez v. Astrue*, 695 F.Supp.2d 1049, 1057-58 (C.D. Cal. 2010).)

Listing 12.05 does not expressly require a diagnosis of mental retardation. 20 C.F.R. Pt. 404,

Subpt. P, App. 1 § 12.05.  However, a claimant may meet or equal an impairment at step three by showing medical severity only.  20 C.F.R. § 416.920(a)(4)(iii).  The Commissioner now cites his administrative ruling pertaining to obesity in support of his argument that a claimant must establish a diagnosis. (Def.'s Br. [17] 8 (citing Soc. Sec. Ruling 02-1p, available at 2000 WL 628049).)  This authority is not binding upon this court, *Bray*, 554 F.3d at 1224, and, further, is inapplicable to mental retardation.

However, resolution of this question is presently unnecessary because Ms. Melton must also satisfy the Commissioner's durational requirement that an impairment last a period of twelve months or longer.  20 C.F.R. §§ 416.909; 416.920(a)(4)(iii).  Dr. Dean's opinion addresses Ms. Melton's performance in testing on the date of testing only, without review of historical medical records. (AR 482.)

Ms. Melton now asserts that "nothing in the records suggests that Mrs. Melton did not suffer from this level of intellectual functioning her whole life." (Pl.'s Opening Br. [12] 8.)  Ms. Melton misconstrues her burden of persuasion; she bears the burden of showing disability at step three in the sequential proceeding.  *Tackett*, 180 F.3d at 1098.  Further, the standard of review directs that the Commissioner's findings be upheld if based upon substantial evidence.  42 U.S.C. § 405(g); *Bray*, 554 F.3d at 1222.  Under this lens, an appropriate reading of the record shows silence regarding Ms. Melton's lifelong intellectual functioning.  Though Ms. Melton has only an eighth-grade education (AR 134), the ALJ noted that she also cares for three small children, cooks, cleans, shops, attends medical appointments alone, watches television, follows written and verbal instructions, pays bills, uses savings and checking accounts, and can count change. (AR 22-25.)  Her

ability to handle money has not changed since her alleged impairment began. (AR 23.) These activities are inconsistent with a finding of mental retardation. However, because the Commissioner concedes that the ALJ must address Ms. Melton's learning disorder (Def.'s Br. [17] 12-13), the ALJ must also address her alleged mental retardation at step three in the sequential proceedings.

## REMAND

The Commissioner concedes that the ALJ erroneously evaluated Ms. Melton's learning disorder. Def.'s Br. 12. Consequently, the ALJ's decision cannot be sustained.

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000), *cert. denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively, and must conduct a credit-as-true analysis to determine if a claimant is disabled under the Act. *Id.* at 1138.

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Id.* The "crediting as true" doctrine is not a

mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett*, 340 F.3d at 876 (citing *Bunnell v. Sullivan*, 947 F2d 341, 348 (9th Cir. 1991)(*en banc*)). The reviewing court declines to credit testimony when "outstanding issues" remain. *Luna*, 623 F.3d at 1035.

Here, the ALJ erroneously failed to address Ms. Melton's learning disorder. Ms. Melton does not establish reversible error in the ALJ's remaining findings. In determining whether to award benefits or remand the matter for further proceedings the court must determine whether "outstanding issues remain in the record" under the second prong. *Strauss*, 635 F.3d at 1138. Neither party asserts that the record is insufficient, and the court finds the record sufficiently developed.

Therefore the court must finally determine whether the record clearly requires an award of benefits after the improperly rejected evidence is credited. *Id.* Ms. Melton's counsel did not ask the vocational expert to consider associated mental limitations. (AR 52-53.) Without appropriate vocational expert testimony, this court cannot credit testimony and make a finding of disability at step five in the sequential proceeding. *Luna*, 623 F.3d at 1035. Accordingly, the court declines to credit the improperly omitted testimony.

The matter must be remanded for further proceedings to address (1) Ms. Melton's March 2011 SSI award; (2) medical evidence pertaining to Ms. Melton's learning disorder and associated mental limitations, and (3) to obtain relevant testimony from the vocational expert. If necessary, the ALJ must then make revised step three findings, a new RFC determination, and subsequent step four and five findings incorporating any revised findings.

///

## CONCLUSION

For the reasons above, the Commissioner's decision is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the further proceedings.

IT IS SO ORDERED.

DATED this   7th   day of September, 2012.

                                        /s/ Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        United States District Judge